Dewey, J.
The question raised in this case, as to the right of a creditor, who proves his claim under proceedings in insolvency, afterwards to contest the validity of the debtor’s discharge, by showing that such discharge is void, by reason *379 of preferences made by the debtor, or concealments of his property, or other acts in violation of the statute, was fully decided by this court in the case of Morse v. Reed, 13 Met. 62. That case was one where the action had been commenced prior to the institution of any proceedings in insolvency, after which the creditor proved his debt, and received his pro rata dividend, and also the full costs of his action, that had already accrued. But it was held that the creditor was not estopped, upon the plea of a discharge in insolvency being filed, to deny its validity and avoid it by proof of such facts as would avoid the discharge, as against creditors who had not then proved their claims and received dividends.
It was further contended in the present case, that the application of the debtor for his discharge having been opposed before the commissioner in insolvency by his creditors, the plaintiff could not reopen that question. But this, we think, is an entirely erroneous view of the matter. The statute of 1838, c. 163, § 10, expressly gives this right to avoid the discharge for the causes there stated, after it has been granted and when it is offered in defence. Creditors may interpose and urge objections so far as they are then known, to the granting of a discharge at all. But their rights also equally extend to an avoidance of such discharge, if granted, upon proof of those preferences, or other frauds upon the insolvent law, which the statute has declared shall avoid the discharge, if obtained.
The case will stand for trial upon the issue joined, raising the question of the avoidance of this discharge.
A new trial was accordingly had in this court at the November term, 1851, when the plaintiff, in order to avoid the defendant’s discharge, offered evidence tending to prove that the defendant, within three months before the filing of his petition for the benefit of the insolvent laws, conveyed real and personal property, in payment of preexisting debts, intending thereby to prefer certain creditors; and the plaintiff re* *380 quested the presiding judge to rule, that if the jury were satisfied of that fact, the discharge was of no effect, unless the defendant should make it appear, that at the time of such conveyance he had reasonable cause to believe himself solvent ; and that the burden of proof was upon him. But the presiding judge ruled that the burden of proof was not on the defendant; and further instructed the jury, that payment of a preexisting debt, by an insolvent debtor, within three months before filing his petition, was not sufficient to invalidate his discharge, unless such payment was made with a knowledge of his insolvency, and with an intent to give a preference; and that such intent was not necessarily to be inferred from the fact of payment. The judge read to the jury the decision of the court on this point, in Jones v. Howland, 8 Met. 377, and instructed them that they should apply the law, as there laid down, to the evidence in this case.
It appeared that the defendant’s discharge was granted within six months after the assignment of his property was made; and that the only notice of the second and third meetings of creditors was by publication in a newspaper, no notice being sent to the creditors. And the plaintiff contended, that for these reasons the discharge was inoperative, the plaintiff not having assented thereto. The messenger, to whom the warrant against the defendant was directed, testified that no books, papers, goods or estate, were delivered to him by the defendant, although he called on him frequently for the same; that the only schedule he received from the defendant was a list of the names of about thirty creditors, with a statement of their residences, and no other particulars; that the list of creditors was not filed before the commissioner, until the second adjournment of the first meeting of creditors, and after the choice of assignees; and that the list then contained the names of seventy creditors. And the plaintiff contended, that for the failure to furnish a suitable schedule to the messenger, and to deliver the property to him on demand, the discharge was invalid. But the judge ruled that none of these objections were open to the plaintiff, because they were not mentioned in his specification.
*381 A verdict was returned for the defendant. And to these rulings and instructions the plaintiff alleged exceptions, which were argued and decided at the October term, 1852.
E. H. Bennett, for the plaintiff.
H. G. O. Colby, for the defendant.
Bigelow, J.
The proceedings in insolvency, under which the defendant obtained his discharge, were had in the year 1850, and were subject to the provisions of law then in force relative thereto. It was sufficient, therefore, for the plaintiff, in order to invalidate the discharge, to show that the defendant was in fact insolvent, and had no reasonable ground to believe himself solvent. It was not necessary to prove a knowledge by the defendant of his insolvency at the time of the conveyances alleged to have been made to prefer preexisting creditors. Holbrook v. Jackson, 7 Cush. 136, 149. The case of Jones v. Howland, 8 Met. 377, arose under the bankrupt act of the United States, and the rule there laid down, as to proof of knowledge of insolvency by the defendant at the time of an alleged fraudulent conveyance, is not applicable to a discharge obtained under the insolvent laws of this state. The instructions of the court on this point were therefore erroneous, and there must be a new trial.
The rulings of the court upon the other questions raised at the trial were correct. The burden of proof respecting fraudulent preferences, as affecting the discharge of a debtor, is regulated by St. 1844, c. 178, § 8, and is in express terms imposed on the creditor. In this particular the provision of St. 1841, c. 124, § 3, is repealed, and the creditor is bound to show* both the insolvency of his debtor, and that he had reasonable and sufficient cause to believe himself insolvent, in order to invalidate his discharge.
We think the plaintiff was rightly confined at the trial, to the specific objections to the defendant’s discharge, of which notice had been given in the specification filed by the plaintiff. The reason is not that the specification was too general, but that it contamed no statement at all of the particular grounds on which the plaintiff sought to avoid the discharge. *382 The defendant was not bound to answer objections of which he had received no notice, either specific or general, in the specification filed by the plaintiff. Robinson v. Wadsworth, 8 Met. 70. Exceptions sustained.